STEBBINS v. DEMOREST.

1. LANDLORD AND TENANT—CROPPERS—RIGHTS.

A cropper acquires only the right to make and harvest a crop and to enter for that purpose.

2. SAME—LEASE—RIGHTS OF LESSOR.

After leasing premises, reserving the right to a cropper to enter to harvest a growing crop, the lessor has no right to permit the cropper to plow up the crop and sow another in its place, and if the cropper does so he is a trespasser.

3. SAME—CROP MADE BY TRESPASSER—CONVERSION—TROVER.
   A crop made by a trespasser on leased land under authority of
   the lessor belongs to the lessee, and he may maintain trover
   against the cropper for its conversion.

Error to Shiawassee; Smith J.   Submitted November
18, 1904.   (Docket No. 117.)   Decided November 29, 1904.

Trover by John C. Stebbins against John Demorest for
the conversion of certain oats.   There was judgment for
defendant on a verdict directed by the court, and plaintiff
brings error.   Reversed.

*A. G. Shepard,* for appellant.

*Walsh & Pardee,* for appellee.

HOOKER, J.   One Mrs. Murphy, being the owner of a
farm, leased the same upon shares to plaintiff by an instru-
ment in writing.   This instrument was signed by both
parties, and contained their respective agreements in rela-
tion to the use of the place, the furnishing of seed, divis-
ion of crops, etc.; but it seems to have contained the es-
sential elements of a lease, giving the right to exclusive
possession, except as limited by the following provision :

" And first party reserves the wheat fields now in wheat,
from the operation of this lease until harvested, and the
right to go on and harvest the same next season."

Plaintiff took possession under the lease.

At the time the lease was made, the wheat fields men-
tioned had a growing crop upon them, sown by the de-
fendant as a cropper, by authority of Mrs. Murphy.   This
wheat turned out poorly, and defendant, being of the opin-
ion that portions of it were not worth harvesting, desired
to sow oats upon the ground.   He had conversations with
Mrs. Murphy and the plaintiff.   The former was in doubt
regarding her right to authorize it, while the latter de-
nied it and refused to allow the defendant to do so, and
they were unable to come to any agreement about it.   De-

fendant sowed the oats, however.  Plaintiff testified that they were sown without his knowledge, and that he forbade defendant harvesting them.  He did harvest them, however; doing the work and drawing them away upon Sunday, to avoid the service of any process to prevent it. Subsequently he drew one-third of the oats to Mrs. Murphy, as her share; that being the aliquot part of the wheat that was her due under the original cropping arrangement.

The plaintiff thereupon brought an action of trover for the conversion of the oats before a justice of the peace, and obtained a judgment, from which the defendant appealed.  Upon the trial at circuit, the judge directed a verdict for the defendant, and the plaintiff brings error.

At the time of making the original contract for cropping, the defendant acquired only the right to sow and harvest wheat upon the premises.  This gave him the necessary right of entrance for these purposes, and nothing more.

The subsequent lease gave to plaintiff all other rights of possession and use, and, when defendant entered and sowed and harvested oats, he was a trespasser, for he had no such right, and Mrs. Murphy's consent, if given, does not affect the question.  The fact that he sowed oats as a trespasser did not give him title to the crop.

Counsel for the defendant claims that the plaintiff had no right to the possession of the farm until the wheat was harvested, which he says was but a week or so before the oats were cut and drawn away.  Our understanding is that the defendant was a cropper, with only the rights of a cropper, viz., to make and harvest a crop of wheat.  He had no exclusive possession of the land, and no right to use the land for a spring crop when he found his wheat turning out poorly.  The plaintiff was in full possession of the place after April 1st, subject to the obligation of permitting defendant to harvest his crop, which he permitted.  As the growing crop of oats did not belong to the trespasser, it became the property of the owners of the

premises—i. e., the lessee, plaintiff—who can maintain trover therefor.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.